

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Allen C. Wilson
County Attorney
Kendall County
Boerne, Texas

Dear Sir:

Opinion No. O-672
Re: Does Article 4025 of the
Revised Civil Statutes of
Texas or Articles 950 and
951 of the Code of Criminal
Procedure govern the retention
of a portion of a fine collected
for a violation of the game law.

We are in receipt of your letter of April 1, 1939, in which you request an opinion of this Department as to whether Article 4025 of the Revised Civil Statutes or Articles 950 and 951 of the Code of Criminal Procedure apply to fines collected for violations of the Game law.

Articles 950 and 951 of the Code of Criminal Procedure are general statutes concerning "commissions on collection" and said Articles have been on the statute books much longer than any of the other Articles we are concerned with here. These Articles read as follows:

"The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected.

"The sheriff or other officer who collects money for the State or county, under



> any provision of this Code, except jury
> fees, shall be entitled to retain five
> per cent thereof when collected."

Article 4025 of the Revised Civil Statutes concerns the Fish & Oyster Laws and was passed many years prior to the enactment of the Game Law in 1925. This Article is now a part of Title 67, which is entitled Fish, Oyster, Shell, etc., it reads as follows:

> "Of all fines collected for infraction
> of the fish and oyster laws, ten per cent
> shall go to the prosecuting attorney, and
> the residue thereof shall go the general
> fund of this State. All funds collected by
> deputy commissioners along the coast for reg-
> ister certificates, licenses, and rents for
> locating private oyster beds, and such other
> charges relating to the fish and oyster laws
> as may be prescribed, shall be by such dep-
> uties paid over weekly to the Commissioner,
> who in turn shall deposit the same monthly
> in the State Treasury to the credit of the
> general revenue fund."

The 39th Legislature in Regular Session in 1925 en-acted what is commonly called the game law. This Act was en-titled "Relating to the preservation and propagation of all wild animals, wild birds and wild fowls of this state." It was numbered Chapter 172. Section 42 of this Act is now Article 912 of the Penal Code, and reads as follows:

> "It shall be the duty of any justice
> of the peace, clerk of any court, or any
> other officer of this State, receiving
> any fine or penalty imposed by any court
> for violation of any of the laws of this
> State pertaining to the protection and
> conservation of wild birds, wild fowl,
> wild animals, fish, oysters, and other
> wild life, within ten days from and after
> the receipt or collection of such fine or
> penalty, to remit same to the Game, Fish
> and Oyster Commission at Austin, giving
> docket number of case, name of person
> fined, and section or article of the law
> under which conviction was secured, when
> such laws are required to be enforced by



the Game, Fish and Oyster Commission."

On April 29, 1926, Honorable C. L. Stone, Assistant Attorney General, wrote an opinion on this question which reads, in part, as follows:

"Article 4025, Revised Civil Statutes of 1925, provides that of all fines collected for infractions of the Fish and Oyster laws, 10 per cent shall go to the prosecuting attorney and the residue thereof shall go to the general fund of this State. Our construction of this Statute is that 10 per cent of all fines collected for infractions of the Fish and Oyster laws of this State 10 per cent shall go to the prosecuting attorney, and that a justice of the peace, county clerk, sheriff, constable, or other person making the arrest would not be entitled to any part of such fines. This is a special statute and provides that 10 per cent shall go to the prosecuting attorney.

"As to infractions of the Game law, there does not appear to be any special provision made, and the provisions found in Articles 950 and 951, Code of Criminal Procedure, would govern where fines were collected for infractions or violation of the Game laws, * * * *"

On September 24, 1936, the Honorable Harry S. Pollard, Assistant Attorney General, wrote an opinion which overruled in part the opinion of Mr. Stone. A portion of this latter opinion reads as follows:

"The writer's attention has been directed by you to a letter opinion, dated May 1st, 1926, by D. L. Stone, who was at that time an Assistant Attorney General of Texas, which construes Articles 950 and 951 of the Code of Criminal Procedure to be applicable to criminal suits for infractions of the game laws. In the writer's opinion, such construction is erroneous, and therefore is hereby expressly overruled and withdrawn. Articles

Honorable Allen C. Wilson, Page 4

950 and 951, as amended, of the Code of
Criminal Procedure, are general statutes
which are applicable only in the absence
of specific legislative enactments to the
contrary. Article 912, Penal Code, supra,
is clearly and unequivocally applicable
to the specific subjects contained in its
provisions, and it obviously evidences
the intention of the Legislature that all
fines or penalties derived from those
criminal cases for violations of laws
which pertain to the protection and con-
servation of the wild life of Texas,
shall be remitted to the Game, Fish &
Oyster Commission. In the writer's op-
inion, this last mentioned Article must
be read and considered in conjunction
with, and in the light of, the provisions
of Article 4025, supra, which evidences
the intention of the Legislature for the
Game, Fish & Oyster Commission to retain
all except 10 per cent of the fines and
penalties which are required by law to
be remitted to the Game, Fish & Oyster
Commission, and that such 10 per cent is
entitled to be received by the prosecuting
attorney in each individual case."

Article 912 of the Penal Code was enacted to take care
of the disposition of fines collected for violations of the Game
law. It is the opinion of this Department that the question was
correctly answered by Mr. Stone in his opinion. Articles 950
and 951 of the Code of Criminal Procedure are general statutes
and would apply in the absence of any specific statute treating
of the same subject matter. We cannot agree with Mr. Pollard's
statement that Article 4025 of the Revised Civil Statutes applies
to fines collected for violation of the Game law. This Article
specifically applies to infractions of the Fish & Oyster Laws
and makes no mention whatsoever of the Game laws. With the ex-
ception of the provision in Article 4025 for the retention of
ten per cent of the fines as attorneys fees, Article 912 of the
Penal Code treats of the same subject matter as Article 4025.
Article 912 states that in cases where fines are received for
violation of the Game laws the same should be remitted to the
Game, Fish & Oyster Commission at Austin, "giving docket number
of case, name of person fined, and Section or Article of the law
under which conviction was secured". As Article 4025 does not

apply to the Game laws, the general statute, namely Article 950 and Article 951 of the Code of Criminal Procedure, must be read into Article 912 of the Penal Code.

Our construction of Article 912 is further emphasized by Article 923qq of the Penal Code. This Article was originally Section 10 of Chapter 177, Acts of the 39th Legislature, 1925, and it went into effect the same day that Article 912 went into effect. The title of Chapter 177 was "Regulating the Killing, Trapping and Taking of Fur-Bearing Animals". Section 10 of said Act reads as follows:

> "All moneys collected from the fines and penalties for the violation of this Act, and all moneys collected from the sale of trapper's licenses shall belong to the special game fund of this State, and shall be paid over by the Game, Fish, and Oyster Commissioner to the Treasurer of the State during the first week of each month, and shall be credited to such special game fund for the enforcement of this Act and the game laws in general, provided county attorneys shall receive ten per centum and officers making collection five per centum of any fines or fine assessed for violation of this Act."

It is the opinion of this Department that fines collected under the Game laws relating to fur-bearing animals should be remitted after deducting the commissions set out in Article 923qq. As to other violations of the Game laws, Article 912 would apply after the deduction of the commissions allowed in Articles 950 and 951 of the Code of Criminal Procedure.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:RS          APPROVED SEP 22, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE